IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANDREW LEVERT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 2:16-cv-8084-LSC |
| | ) | (2:01-cr-164-LSC-TMP) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OF OPINION**

Andrew Levert ("Levert"), through counsel, the Office of the Federal Public Defender, has filed with the Clerk of this Court a motion to vacate, set aside, or otherwise correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) The United States has opposed the motion, and Levert has filed a reply in support. For the following reasons, the motion is due to be denied.

**I.     Background**

In 2002, Levert was convicted by a jury of a felon-in-possession-of-a-firearm count under 18 U.S.C. § 922(g). His Presentence Investigation Report ("PSR") indicates that following report of an assault to police, police apprehended Levert in possession of a semiautomatic weapon with one live round in the chamber.

Levert was sentenced under the mandatory-minimum provisions of the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), which provides enhanced penalties for defendants previously convicted of three or more "violent felonies," defined as offenses that either: (1) have as an element "the use, attempted use, or threatened use of physical force against the person of another," 18 U.S.C. § 924(e)(2)(B)(i) (known as the "elements clause"); (2) constitute "burglary, arson, or extortion, or involve[ ] the use of explosives," *id.* § 924(e)(2)(B)(ii) (known as the "enumerated offenses clause"); or (3) "otherwise involve[ ] conduct that presents a serious potential risk of physical injury to another," *id.* (known as the "residual clause").

Levert qualified for the ACCA enhancement on the basis of three California violent felony convictions: two for robbery with use of a firearm and one for assault with a deadly weapon. Specifically, according to the PSR, the above three convictions arose based on the following conduct by Levert. On September 25, 1980, Levert approached a cashier at Daisy's restaurant and, producing a sawed-off shotgun, demanded money; the cashier complied. Less than 15 minutes later, Levert entered a Baskin Robbins ice cream parlor and, again producing a sawed-off shotgun from a shopping bag, demanded money from everyone present. One of the patrons complied, and Levert's accomplice removed money from the cash register.

Finally, later on the same evening, Levert robbed Falcone's Pizza. Again, taking a sawed-off shotgun from a bag, Levert pointed it at Marcelino Aguilar and when Aguilar started to walk away, Levert shot him in the stomach. Levert's accomplice then took money from the cash register.

For the two robbery convictions, Levert's PSR specified that they constituted violent felonies under the ACCA because they each had "as an element the use, attempted use, or threatened use of physical force against the person of another, or [] otherwise involves conduct that presents a seriously potential risk of physical injury to another." In other words, the PSR referenced both the "elements clause" and the "residual clause" of the ACCA for each of these offenses. For the assault with a deadly weapon conviction, the PSR stated that this conviction qualified as a violent felony under the "elements clause" of the ACCA.

Without the ACCA enhancement, the maximum sentence Levert could have received was ten years (120 months). *See* 18 U.S.C. § 924(a)(2). However, as an armed career criminal, he faced a mandatory minimum sentence of 15 years (180 months) and a maximum sentence of life. 18 U.S.C. § 924(e)(1). This Court sentenced Levert to 236 months' imprisonment. The sentencing transcript indicates no discussion concerning the applicability of the ACCA enhancement.

Levert appealed, and the Eleventh Circuit affirmed his sentence. *United States v. Levert*, 87 F. App'x 712 (11th Cir. 2003). Levert has previously filed a § 2255 motion that was denied on the merits, but on June 29, 2016, the Eleventh Circuit authorized Levert to file a second-or-successive motion under 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A) with respect to his claim that his sentence is invalid under *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016).

## II.   Discussion

In *Johnson*, the Supreme Court held that the residual clause of the violent felony definition of the ACCA is unconstitutionally vague and thus imposition of an enhanced sentence under that provision violates the Fifth Amendment's guarantee of due process. 135 S. Ct. at 2557. The Supreme Court made clear that its ruling on the residual clause did not call into question the validity of the elements clause or the enumerated crimes clause of the ACCA's definition of a violent felony. *Id.* at 2563. Subsequently in *Welch*, 136 S. Ct. at 1264-65, the Supreme Court held that *Johnson* applies retroactively to cases on collateral review.

Levert's argument that he is entitled to be resentenced without the ACCA enhancement is twofold: first, after *Johnson*, his California convictions for robbery no longer qualify as violent felonies under the residual clause of the ACCA, and

second, without the residual clause, the classification of those two convictions under the remaining ACCA definitions of violent felony is also incorrect because in 2015, the Ninth Circuit held that California Penal Code § 211 does not satisfy the elements clause of the ACCA because the statute can be violated with the use of accidental force, *United States v. Dixon*, 805 F.3d 1193 (9th Cir. 2015).

The Court first notes that the Eleventh Circuit's grant of permission to file this § 2255 motion is a "threshold determination" that "does not conclusively resolve" the question whether Levert has actually satisfied the requirements of § 2255(h). *In re Moore*, 830 F.3d 1268, 1270-71 (11th Cir. 2016). Rather, this Court "must[] determine for itself whether [the § 2244(b)(2)] requirements are met. *Jordan v. Sec'y, Dep't of Corrs.*, 485 F.3d 1351, 1357 (11th Cir. 2007);[1] *see also In re Moss*, 703 F.3d 1301, 1303 (11th Cir. 2013) (reiterating that the court of appeals' threshold conclusion in granting a successive application that a prima facie showing has been made is necessarily a "limited determination," as the district court then must also decide "fresh" the issue of whether § 2255(h)'s[2] criteria are met, and, if so, proceed to considering the merits of the § 2255 motion).

---

[1] *Jordan* involved the functionally-equivalent § 2244(b)(2) successive application standard applicable to state prisoners.

[2] Courts often refer to 28 U.S.C. §§ 2255(h), which is applicable to federal prisoners, and 2244(b)(2), which is applicable to state prisoners, interchangeably, because the latter cross-references the former. *See* 28 U.S.C. § 2255(h).

5

Thus, it is clear that this Court must first decide whether Levert has met the requirements for filing a second or successive petition under 28 U.S.C. §§ 2255(h) and 2244(b)(2), giving no deference to the Eleventh Circuit's initial prima facie decision, and only if the Court finds that he has, the Court may then proceed to consider the merits of Levert's motion. *See Faust v. United States*, 572 F. App'x 941, 943 (11th Cir. 2014) (unpublished) ("Only if the district court . . . concludes that the movant 'has established the statutory requirements for filing a second or successive motion' should it 'proceed to consider the merits of the motion, along with any defenses and arguments the respondent may raise.'") (quoting *Moss*, 703 F.3d at 1303).

Recent binding Eleventh Circuit precedent forecloses the possibility that Levert has met the requirements for filing a second or successive petition based on *Johnson*. In *Beeman v. United States*, the court stated:

> To prove a *Johnson* claim, a movant must establish that his sentence enhancement "turn[ed] on the validity of the residual clause." In other words, he must show that the clause actually adversely affected the sentence he received. *In re Thomas*, 823 F.3d 1345, 1349 (11th Cir. 2016). Only if the movant would not have been sentenced as an armed career criminal absent the existence of the residual clause is there a *Johnson* violation. That will be the case only (1) if the sentencing court relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause (neither of which were called into question by *Johnson*) to qualify a prior conviction as a violent felony, and (2) if there were not at least three other prior convictions that could have

> qualified under either of those two clauses as a violent felony, or as a serious drug offense.
>
> Critical to our decision on the merits issue in this case is the burden of proof and persuasion. The Government contends that a § 2255 movant bears the burden of proving that his sentencing enhancement was imposed because the sentencing court used the residual clause. Beeman argues that if it is merely possible that the court relied on that clause to enhance the sentence, then he has met his burden. We conclude, and hold, that, like any other § 2255 movant, a *Johnson* § 2255 claimant must prove his claim. To prove a *Johnson* claim, the movant must show that—more likely than not—it was use of the residual clause that led to the sentencing court's enhancement of his sentence. If it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to use of the residual clause.

871 F.3d 1215, 1221-22 (11th Cir. 2017) (footnotes omitted). Although the *Beeman* mandate has not issued, it is binding in this circuit. *Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992); 11th Cir. R. 36 (I.O.P. 2) ("Under the law of this circuit, published opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result.").

In Levert's case, the PSR relied on both the elements clause and the residual clause of the ACCA in classifying his two California robbery convictions as violent felonies, and there was no discussion by the parties or the court as to which clause applied. Levert argues that he has to show only that the Court *may* have relied on the residual clause and points to an Eleventh Circuit panel dispute about the proper

7

burden of proof in a *Johnson* claim. *Compare In re Moore*, 830 F.3d at 1272-73 (stating in dicta that a *Johnson* movant does bear the burden of proof) *with In re Chance*, 831 F.3d 1335, 1338-42 (11th Cir. 2016) (endorsing in dicta the position advocated by Levert that a movant must merely show the possibility that the court relied on the residual clause to enhance the sentence). But *Beeman*, decided during the pendency of this litigation, settled any purported dispute and held that a *Johnson* claimant "like any other § 2255 movant . . . must show that—more likely than not—it was use of the residual clause that led to the sentencing court's enhancement of his sentence." 871 F.3d at 1221–22 & n.3 ("As to the case before us now, we have not deferred to dicta. We have examined this issue afresh in reaching our conclusion based on what we see as traditional legal principles."); *see also id.* at 1225 ("Where the evidence does not clearly explain what happened, the party with the burden loses.").

Indeed, it is just as likely, if not more likely, that this Court relied upon the elements clause in classifying Levert's two California robbery convictions as violent felonies under the ACCA. The *Beeman* court acknowledged that "if the law was clear at the time of sentencing that *only* the residual clause would authorize a finding that the prior conviction was a violent felony, that circumstance would strongly point to a sentencing per the residual clause." *Id.* at 1224 n.5 (emphasis

8

added). But the law at the time of Levert's sentencing in 2002 was that robberies committed in violation of California Penal Code § 211 qualified as violent felonies under the elements clause of the ACCA, *see United States v. David H.*, 29 F.3d 489, 494 (9th Cir. 1994).[3] Thus, there would have been no need for this Court to rely instead on the more broadly-worded residual clause.

At best for Levert, the residual clause was included in the PSR as an alternative ground for characterizing Levert's robbery convictions as violent felonies. Levert's reliance upon a decision of the Ninth Circuit that post-dates his sentencing does not establish what Levert must establish in order to prevail here: that this Court rejected the application of the elements clause and instead relied solely upon the residual clause when applying the sentencing enhancement in 2002, which the Eleventh Circuit called a "historical fact." *Beeman*, 871 F.3d at 1224 n.5 (stressing that it is the state of the law at the time of the sentencing that matters, and subsequent legal decisions would "cast[] very little light, if any," on

---

[3]

> California Penal Code § 211 prohibits "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." Cal. Penal Code § 211. The element of fear is defined as "fear of an unlawful injury to the person . . . of the person robbed" or "fear of an immediate and unlawful injury to the person . . . in the company of the person robbed at the time of the robbery." *Id.* Thus, a violation of California Penal Code § 211 includes the element of "threatened use of physical force against the person of another."

*Id.*

the question whether the defendant was sentenced under the residual clause). Under these circumstances, Levert cannot meet his burden of establishing that this Court relied solely upon the residual clause in classifying his two prior California robbery convictions as violent felonies under the ACCA, such that *Johnson* would apply to necessitate a re-sentencing.

## III. Conclusion

For the reasons stated above, Levert's § 2255 motion is due to be dismissed as an improper successive petition. Additionally, to the extent this dismissal necessitates a ruling on the certificate-of-appealability-issue, one will not be issued by this Court. This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable and wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). Levert's claim does not satisfy either standard. Accordingly,

insofar as an application for a certificate of appealability is implicit in Levert's motion, it is due to be denied. A separate closing order will be entered.[4]

**DONE** AND **ORDERED** ON FEBRUARY 1, 2018.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
160704

---

[4] Levert recently filed a motion seeking to expedite a ruling in this action. (Doc. 11.) The motion is hereby DENIED AS MOOT.